UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **JEFFREY E. BORDA,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 1:10-cv-00654 CMH/IDD |
| ) | |
| **SOSi INTERNATIONAL, Ltd.,** *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

## ANSWER

Defendants SOSi International, Ltd. ("SOSi"), *et al.*, by counsel, hereby file their Answer to plaintiff's Complaint as follows:

### NATURE OF THE CASE

1. It is admitted that the Complaint purports to raise claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* against SOSi and Mr. Setian. Defendants deny that they violated the FLSA.

2. The Complaint also purported to state a claim for defamation. The Court has dismissed Plaintiff's defamation claim, hence Defendants need not respond to the allegations relating to this claim. To the extent any response is necessary, Defendants deny they defamed Plaintiff.

### JURISDICTION AND VENUE

3. It is admitted that jurisdiction was proper in the Circuit Court for Fairfax County, where this case was originally filed prior to being removed to this Court, pursuant to Va. Code Ann. § 17.1-513 and 29 U.S.C. § 216(b). It is admitted that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1337.

4. The allegations of ¶ 4 are admitted.

5. It is admitted that venue was proper in the Circuit Court for Fairfax County, where this case was originally filed prior to being removed to this Court, pursuant to Va. Code Ann. § 8.01-262. It is admitted that venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6. Responding to ¶ 6, Defendants hereby incorporate by reference all responses made to the allegations contained in ¶¶ 1 through 5 as if expressly contained herein.

7. Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of ¶ 7. The allegations in the second sentence of ¶ 7 are admitted except that Mr. Borda's actual title was Project Lead.

8. The allegations of ¶ 8 are admitted.

9. The allegations in the first sentence of ¶ 9 are admitted. Defendants admit that at all times relevant to this Complaint, Mr. Setian was the Chief Operating Officer ("COO") of SOS International. Defendants admit that as part of his duties as COO, Mr. Setian was responsible for performing duties related to the management, hiring, and firing of SOSi employees. Defendants deny Mr. Setian exercised "significant control" over the day-to-day operations at SOSi, including the power to hire and fire any employee, the power to set wages and compensation for any employee, and the power to control the activities of any employee. Mr. Setian did not have sole authority to hire, terminate, manage, and control employees. Rather he made all such employment-related decisions in consultation with the Chief Executive Officer, Sosi Setian, and the Chief Financial Officer, Bruce Crowell.

10. The allegations of the first sentence of ¶ 10 are admitted. As for the remaining allegations in ¶ 10, SOSi admits that Mr. Uskowi was a Senior Analyst from March 31, 2008

through April 27, 2009. SOSi admits that Mr. Uskowi was promoted to Deputy Program Manager on April 27, 2009 and served in such position until his employment at SOSi ended on November 1, 2009. Any allegation not specifically admitted is denied.

11. The allegations in the first sentence of the first and second sentences of ¶ 11 are admitted. In regard to the third sentence of ¶ 11, Defendants deny that Mr. Canter was promoted to Vice President of Media, Marketing & Communications in or around October/November of 2009. Rather, Mr. Canter was promoted to this position on November 10, 2008. SOSi admits that from November 10, 2008 forward, Mr. Canter was no longer Mr. Borda's supervisor.

### COUNT I: VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201 ET SEQ.
(SOSi & Mr. Setian)

12. Responding to ¶ 12, Defendants hereby incorporate by reference all responses made to the allegations contained in ¶¶ 1 through 11 as if expressly contained herein.

13. Defendants admit that SOSi had an annual gross volume of sales or business done of $500,000.00 or more at all times relevant herein.

14. Defendants admit that at all times relevant to the Complaint, SOSi was an enterprise engaged in interstate commerce. The remaining allegations of ¶ 14 are denied.

15. The allegations of ¶ 15 are admitted.

16. The allegations of ¶ 16 are denied. Defendants deny that Mr. Setian was an employer of Plaintiff for purposes of the FLSA.

17. The allegations of ¶ 17 are denied. Mr. Borda was an exempt employee.

18. The allegations of ¶ 18 are denied.

    (a) The allegations of ¶ 18(a) are denied.

(b) The allegations of ¶ 18(b) are denied, except for the assertion that Mr. Borda completed evaluations of employees under his direct managerial supervision, which SOSi expected him to perform. Evaluation criteria were specifically outlined; however, Mr. Borda refused to follow such these guidelines or comply with instructions on the evaluation forms.

(c) The allegations of ¶ 18(c) are denied.

(d) The allegations of ¶ 18(d) are denied. Mr. Borda was expected to operate his program within a budget that was defined for SOSi by the government customer.

(e) The allegations of ¶ 18(e) are denied.

(f) The allegations of ¶ 18(f) are admitted. It was not in Mr. Borda's job description to assist with proposals or proposal-related activities.

(g) The allegations of ¶ 18(g) are admitted, as no project leads are permitted to make unilateral hiring or firing decisions, but their suggestions and recommendations are given particular weight.

(h) The allegations of ¶ 18(h) are admitted.

19. The allegations of ¶ 19 are denied.

20. The allegations of ¶ 20 are admitted. Mr. Borda was properly classified as an exempt employee and paid on a salary basis.

21. It is admitted that SOSi was aware of the time Plaintiff listed on his timesheets. The remaining allegations of ¶ 21 are denied.

22. The allegations of ¶ 22 are admitted. Mr. Borda was an exempt employee, paid on a salary basis and therefore, not entitled to receive overtime.

23. The allegations of ¶ 23 are denied.

24. The allegations of ¶ 24 are denied.

## COUNT II: DEFAMATION
### (All Defendants)

25. Responding to ¶ 25, Defendants hereby incorporate by reference all responses made to the allegations contained in ¶¶ 1 through 24 as if expressly contained herein.

26-42. The Court has dismissed Plaintiff's defamation claim, hence Defendants need not respond to the allegations relating to this claim.

Defendants deny that Plaintiff is entitled to judgment and/or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff was exempt from overtime requirements under the FLSA, 29 C.F.R. §§ 541.100, 541.200, 541.601, 541.708.

2. Defendants acted in good faith and had reasonable grounds for believing that their acts did not violate the FLSA.

3. Mr. Setian was not an employer within the meaning of the FLSA.

    Respectfully submitted,

    SOSi INTERNATIONAL, Ltd., *et al*.
    *By counsel*

    /s/_____
    Michael E. Barnsback, Esq. (VSB No. 33113)
    Jonathan R. Mook, Esq. (VSB No. 19177)
    Hillary J. Collyer, Esq. (VSB No. 50952)
    DIMUROGINSBERG, P.C.
    908 King Street, Suite 200
    Alexandria, Virginia 22314-3067
    Ph: (703) 684-4333
    Fax: (703) 548-3181
    Email: mbarnsback@dimuro.com,
    jmook@dimuro.com, hcollyer@dimuro.com
    *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

>John J. Rigby, Esq. (VSB No. 20116)
>McInroy & Rigby, LLP
>2200 Wilson Boulevard, Suite 800
>Arlington VA 22201
>Ph: (703) 841-1100
>Fax: 703-841-1161
>Email: jrigby@mcinroyrigby.com
>*Counsel for Plaintiff*

>/s/_____
>Michael E. Barnsback, Esq. (VSB No. 33113)
>Jonathan R. Mook, Esq. (VSB No. 19177)
>Hillary J. Collyer, Esq. (VSB No. 50952)
>DIMUROGINSBERG, P.C.
>908 King Street, Suite 200
>Alexandria, Virginia 22314-3067
>Ph: (703) 684-4333
>Fax: (703) 548-3181
>Email: mbarnsback@dimuro.com,
>jmook@dimuro.com, hcollyer@dimuro.com
>*Counsel for Defendants*